**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 2:22-cv-579 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| SPARKS, *et al.*, | : | |
| Defendants. | : | |

**ORDER OF TRANSFER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action against various correctional personnel employed at SOCF and the Ohio State Penitentiary (OSP) in Youngstown, Ohio, where Plaintiff was incarcerated before his transfer to SOCF. (*See* ECF No. 1, at PageID No. 3). Defendants are SOCF staff member "Sparks" and the following OSP employees: Theodore Jackson, "Crawford," and Warden Robert Bowen. (*Id.*, PageID No. 2).

Construing the Complaint liberally, it appears that Plaintiff is asserting claims under the First and Eighth Amendments against the three OSP Defendants and under the Eighth Amendment against the SOCF Defendant. More specifically, Plaintiff alleges that Defendant Crawford violated his rights by denying him protective custody at OSP and that Defendants Jackson and Bowen transferred him to SOCF in retaliation for filing a complaint against Crawford. Plaintiff alleges that following his transfer to SOCF he was attacked by an inmate and that Defendant Sparks failed to intervene during the attack to protect Plaintiff. (*See* ECF No. 1, at PageID Nos. 3-5).

28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought.  Further, Local Rule 82.1 for the United States District Court for the Southern District of Ohio requires that "if a defendant is a resident of the Southern District of Ohio . . . the action must [be] filed in the federal district court serving the county of which the defendant is a resident."  *GCG Austin, Ltd. v. City of Springboro, Ohio*, 284 F. Supp. 2d 927, 930 (S.D. Ohio 2003).  *See also* S.D. Ohio Civ. R. 82.1(c), (e).

Here, it appears that Defendant Sparks—the sole named SOCF Defendant—resides in Lucasville, Ohio, and the events giving rise to Plaintiff's Eighth Amendment claim against Sparks occurred in Scioto County, which is served by the Western Division at Cincinnati, Ohio.  *See* S.D. Ohio Civ. R. 82.1(b).  Venue for Plaintiff's claim against Sparks is therefore proper in this Court's Cincinnati Division.  *See* S.D. Ohio Civ. R. 82.1(c), (e).

However, it appears that Defendants Jackson, Crawford, and Bowen—the named OSP Defendants—reside in Youngstown, Ohio.  It also appears that the events giving rise to Plaintiff's First and Eighth Amendment claims against these Defendants occurred in Mahoning County, and not in any county located in the Southern District of Ohio.  Venue for Plaintiff's claims against Defendants Jackson, Crawford, and Bowen is therefore proper in the Northern District of Ohio, Eastern Division.  *See* 28 U.S.C. § 1391(b).

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  "[E]ven when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in

the interest of justice." *Ragland v. Corizon Med. Providers Inc.*, No. 2:19-CV-11859, 2019 WL 2716221, at *2 (E.D. Mich. June 28, 2019) (citing 28 U.S.C. § 1404(a)). Both 28 U.S.C. §§ 1404(a) and 1406(a) allow a district court to transfer a case *sua sponte*. *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

In this case, the claims against Defendants Jackson, Crawford, and Bowen should be severed, *see* Fed. R. Civ. P. 21, and transferred to the United States District Court for the Northern District of Ohio, Eastern Division. 28 U.S.C. §§ 1404(a), 1406(a). The remainder of Plaintiff's Complaint, consisting solely of his claim against Sparks, should be transferred to the Cincinnati Division of this Court. 28 U.S.C. §§ 1404(a), 1406(a); S.D. Ohio Civ. R. 82.1(b). *Cf. Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (ECF No. 6) (severing and transferring claims under Local Rule 82.1 to another Division within the Southern District of Ohio because "that is where the rule would have required them to be brought had they been properly filed in a separate action").[1]

---

[1] Although a Court may also "transfer the entire case to another district that is proper for [all] defendants," *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 496 (D.N.J. 1998), there is no such district or division in this case because Defendants are improperly joined under Fed. R. Civ. P. 20(a). Plaintiff's failure-to-protect and retaliation claims against Defendants Jackson, Crawford, and Bowen arose at OSP, occurred prior to, and are factually distinct from Plaintiff's failure-to-intervene claim against Defendant Sparks, which arose at SOCF. Moreover, Plaintiff has failed to allege any facts connecting the two sets of Defendants. Courts have declined to allow the joinder of defendants in such circumstances. *See Durham v. Moore*, No. 1:14-CV-816, 2015 WL 5627868, at *2 (S.D. Ohio Jan. 29, 2015), *report and recommendation adopted*, No. 1:14CV816, 2015 WL 5608192 (S.D. Ohio Sept. 24, 2015) (finding that the plaintiff's conclusory assertion that the defendants from three different prisons "all failed to adequately protect him from inmate harassment and assaults" was insufficient to satisfy the joinder requirements of Fed. R. Civ. P. 20(a)). *See also Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (finding that a plaintiff "cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; some allegation of concerted action between defendants is required.") (quoting *U.S. ex rel. Grynberg v. Alaskan Pipeline Co.*, No. CIV. 95-725 (TFH), 1997 WL 33763820, at *1 (D.D.C. Mar. 27, 1997)); *Liebzeit v. Raemisch*, No. 10-CV-170-SLC, 2010 WL 2486366, at *1 (W.D. Wis. June 16, 2010) ("As a number of courts have recognized, prisoner claims rarely are properly joined under Rule 20 when the claims arise at different prisons because of the different decision makers involved and because each prison is governed by different rules and presents its own unique set of circumstances."); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 779 (E.D. Mich. 2009) ("[A] plaintiff cannot bring all claims, regardless of type, against all defendants who are spread out at various institutions" because "[i]n such a circumstance, a plaintiff has used an improper 'buckshot' complaint.").

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's claims against Defendants Jackson, Crawford, and Bowen be severed from this case and transferred to the Northern District of Ohio, Eastern Division, for all future proceedings on those claims. *See* 28 U.S.C. §§ 1404(a), 1406(a).

2. The remainder of Plaintiff's Complaint, consisting solely of his claim against Defendant Sparks, be transferred to the Western Division of this Court in Cincinnati for all future proceedings in that case. *See* 28 U.S.C. §§ 1404(a), 1406(a); S.D. Ohio Civ. Rule. 82.1(b). **Upon transfer to the Cincinnati Division, the case shall remain with the undersigned Magistrate Judge with a resident District Court Judge of the Cincinnati Division to be assigned.**

3. To effectuate this Order, the **Clerk of Court** is **DIRECTED** to send all of the documents of record that have been filed thus far in this case, including a copy of this Order, to the respective Clerks of Court of the Northern District of Ohio, Eastern Division, and of the Western Division of this Court in Cincinnati for filing in the new cases. The docket in the new case in the Northern District shall reflect that Defendants Jackson, Crawford, and Bowen are the sole Defendants of the severed cause of action. The docket in the new case in Cincinnati shall reflect that Defendant Sparks is the sole Defendant in that case.

    **IT IS SO ORDERED.**

February 23, 2022                               *s/Peter B. Silvain, Jr.*
                                                               Peter B. Silvain, Jr.
                                                               United States Magistrate Judge