UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| SPARKS, | : | |
| Defendant. | : | |

**DEFICIENCY ORDER**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] However, Plaintiff has not paid the filing fee required to commence this action.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)–(h), a prisoner seeking to bring a civil action without prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the Complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted an *in forma pauperis* application or a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) as required by the PLRA.

---

[1] This case was initially filed against four Defendants in this Court's Eastern Division. Plaintiff's claims against three of the Defendants—Theodore Jackson, "Crawford," and Warden Robert Bowen—were then severed and transferred to the Northern District of Ohio, Eastern Division, and the remainder of Plaintiff's Complaint, consisting solely of his claim against Defendant Sparks, was transferred to this Court for all future proceedings. (*See* Doc. 2 (containing a copy of the Order of Transfer)).

Plaintiff is therefore **ORDERED** to pay $402 ($350 filing fee plus $52 administrative fee), or submit to the Court an *in forma pauperis* application **and** certified copy of Plaintiff's prison trust fund account statement (or institutional equivalent) for the prior six-month period **within thirty (30) days**.

If Plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*.

Any motions for extension of time must be filed within thirty (30) days of the date of this Deficiency Order. All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff placed the motion in the prison mail system and stating that first class postage was prepaid. If Plaintiff does not receive the Deficiency Order within thirty (30) days, Plaintiff's motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff received this Deficiency Order.

The Clerk of Court of the United States District Court is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form.

A copy of this Deficiency Order shall be sent to the cashier of the prison at which Plaintiff is confined.

**IT IS SO ORDERED.**

March 1, 2021

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge