**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| SPARKS, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on plaintiff's motion for preliminary injunction/temporary restraining order. (Doc. 7).

In enacting the original *in forma pauperis* statute, Congress recognized that a Alitigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits.@ *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. " 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or Awholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

      Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. " 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2).  In order to state a claim for relief under 42 U.S.C. ' 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other*

*grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests, *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide Aenough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against defendant Sparks.[1] Plaintiff alleges, in relevant part, that on February 6, 2022, he was stabbed "with a knife in the right side of his head." (Doc. 1, at PageID 4).

In his complaint, he seeks damages and injunctive relief. (Doc. 1, at PageID 6-7).

Plaintiff's complaint, liberally construed, alleges sufficient facts to state a claim for relief under the Eighth Amendment and may proceed at this juncture. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976).

It is **ORDERED** that the United States Marshal serve a copy of the complaint, summons, plaintiff's motion for preliminary injunction and/or temporary restraining order, and this Order upon defendant Sparks as directed by plaintiff. All costs of service shall be advanced by the United States.

---

[1] This case was initially filed against four Defendants in this Court's Eastern Division. Plaintiff's claims against three of the Defendants—Theodore Jackson, "Crawford," and Warden Robert Bowen—were then severed and transferred to the Northern District of Ohio, Eastern Division, and the remainder of Plaintiff's Complaint, consisting solely of his claim against Defendant Sparks, was transferred to this Court for all future proceedings. (*See* Doc. 2 (containing a copy of the Order of Transfer)).

Defendant is **ORDERED** to file a response to plaintiff's motion for preliminary injunction/temporary restraining order within **seven (7) days** of service thereof. Upon receipt of defendant's response, the Court shall determine whether plaintiff is entitled to preliminary injunctive relief.

**THE CLERK OF COURT IS DIRECTED** to serve, by certified and regular mail, a courtesy copy of plaintiff's complaint, motion for preliminary injunction/temporary restraining order, and this Order on the Office of the Ohio Attorney General.

It is further **ORDERED** that plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

It is further **ORDERED** that plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

4/1/22

*/s Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge