# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICO ISAIH HAIRSTON, | Case No. 1:22-cv-104 |
| Plaintiff, | |
| vs. | District Judge Susan J. Dlott |
| | Magistrate Judge Peter B. Silvain, Jr. |
| SPARKS, | |
| Defendant. | |

## ORDER

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a "Motion and Request for Temporary Restraining Order/Preliminary Injunction w/ Attached Exhibits" (Doc. 7) in connection with a prisoner civil rights complaint brought under 42 U.S.C. § 1983. Plaintiff has also filed a renewed motion for temporary restraining order and/or preliminary injunction. (Doc. 15). The matter is currently before the Court on the two motions.

For the reasons stated below, the Court grants plaintiff's Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. 7) to the extent that the SOCF Warden or the Warden's representative is directed to immediately place plaintiff in protective custody. However, the Court denies without prejudice plaintiff's renewed motion for temporary restraining order and/or preliminary injunction (Doc. 15).

## 1. Factual Background

Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, alleging, in relevant part, that defendant Sparks violated plaintiff's rights by failing to intervene when plaintiff was attacked with a knife by another inmate on February 6, 2022. (*See* Doc. 1, at

PageID 4-5).[1] Plaintiff alleges that he was "stabbed about 20 times in [his] head and about 10 times in the back of [his] right hand." (Doc. 1, at PageID 5). The Court understands the complaint to allege an Eighth Amendment violation against defendant Sparks. (*See id.*).

On March 28, 2022, plaintiff filed a motion for a temporary restraining order and/or preliminary injunction. (Doc. 7). Attached to the motion is a Conduct Report that appears to substantiate plaintiff's allegations that he was stabbed by another inmate on February 6, 2022. (Doc. 7-1, at PageID 33). Further, in the motion, plaintiff alleges that he "has sought protective custody from the Institution and been denied[.]" (Doc. 7, at PageID 28). Plaintiff further alleges that nine days after being stabbed he was "jumped by 2 inmates." (Doc. 7, at PageID 28-29). Another Conduct Report attached to the motion appears to substantiate plaintiff's allegations that he was attacked by two inmates on February 15, 2022. (Doc. 7-1, at PageID 35). Additionally, plaintiff states: "I am in fear of my safety and was just approached again by this organization[2] and told to send $400.00 by April 10th, 2022 or I will be killed." (Doc. 7, at PageID 29). In a supplemental complaint filed on April 5, 2022, plaintiff alleges that an investigation "determined that [there] is a verifiable statewide threat to [plaintiff's] safety." (Doc. 14, at PageID 63). Plaintiff requests an Order "placing [him] in protective custody." (Doc. 7, at PageID 29).

On April 1, 2022, the Court granted plaintiff *in forma pauperis* status and ordered service on defendant Sparks. (Doc. 10, 12). The Court also ordered defendant Sparks to file a response to plaintiff's request for issuance of a temporary restraining order and/or preliminary injunction. (Doc. 12, at PageID 57). A courtesy copy of plaintiff's complaint, motion for a temporary

---

[1] This case was initially filed against four defendants in this Court's Eastern Division. Plaintiff's claims against three of the defendants—Theodore Jackson, "Crawford," and Warden Robert Bowen—were then severed and transferred to the Northern District of Ohio, Eastern Division, and the remainder of plaintiff's Complaint, consisting solely of his claim against defendant Sparks, was transferred to this Court for all future proceedings. (*See* Doc. 2 (containing a copy of the Order of Transfer)).

[2] By "organization," the Court understands plaintiff to mean gang. (*See* Doc. 1, at PageID 3).

2

restraining order and/or preliminary injunction, and the Court's April 1, 2022 Order was served on the Office of the Ohio Attorney General by certified and regular mail.

On April 6, 2022, after the Court ordered service of plaintiff's first motion for a temporary restraining order and/or preliminary injunction (Doc. 7), plaintiff filed a renewed motion for a temporary restraining order and/or preliminary injunction in which he seeks a transfer "to Toledo Correction's Protective Custody or the Correction's Reception Center Protective Custody." (Doc. 15, at PageID 82).

## 2. Standard of Review

Federal Rule of Civil Procedure 65 governs the proper procedures and requirements for the issuance of injunctions and temporary restraining orders. The purpose of a TRO is "to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). The same standard generally applies to temporary restraining orders and preliminary injunctions. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

In determining whether to grant or deny emergency injunctive relief, the Court must consider four factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together." *Northeast Ohio Coal. for Homeless*, 467 F.3d at

3

1010 (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). A TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

Under Fed. R. Civ. P. 65(b)(1), temporary restraining orders may be issued without notice to the adverse parties under certain circumstances.

Rule 65(b)(1) provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.

### 3. Analysis

The Court finds that a temporary restraining order is warranted at this stage of the proceedings.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). Thus, to establish a substantial likelihood of success on his Eighth Amendment claim against the defendant, plaintiff must present evidence showing that the defendant is deliberately indifferent to a known risk of harm to plaintiff. *Farmer*, 511 U.S. at

4

825. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Walker v. Norris*, 917 F.2d 1449, 1453–54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847. Prison officials must exhibit more than a lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835; *Gibson*, 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

Construing plaintiff's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and in an abundance of caution, plaintiff has alleged facts indicating a substantial likelihood of success on the merits of his constitutional claim and demonstrating that he may indeed suffer irreparable harm without injunctive relief. As set forth above, plaintiff alleges that he was attacked by other inmates on February 6 and 15, 2022, that he has been threatened with harm on April 10, 2022, and that an investigation has found a statewide threat to his safety. Further, plaintiff's allegations establish that harm may result "before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Given the serious nature of plaintiff's allegations, the Court **GRANTS** plaintiff's Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. 7) to the extent that the Court **DIRECTS the SOCF Warden or the Warden's representative** to immediately place

plaintiff in protective custody. Fed. R. Civ. P. 65(b)(1).[3] Pursuant to Rule 65, this Order shall expire **fourteen (14) days** from the date of this Order, unless extended for good cause or by consent. *See, e.g., Hairston v. Bowerman, et al.*, Case No. 3:19-cv-37-JJH (N.D. Ohio Jan. 16, 2019) (Doc. 4).

However, the Court **DENIES** plaintiff's renewed motion for temporary restraining order and/or preliminary injunction (Doc. 15). *See Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) ("A prisoner has no inherent constitutional right to be housed in a particular institution[.]").

It is **ORDERED** that the United States Marshal serve a copy of this Order on the **SOCF Warden or the Warden's representative.**

**IT IS SO ORDERED.**

Date: April 7, 2022

Susan J. Dlott, Judge
United States District Court

---

[3]At the time of the instant Order, no response to Document 7 has been received by the Court. Should the Court receive a response, the Court will consider it in determining whether the extend this Order. The Court will not order service of Document 15 because for the reasons stated herein it is subject to dismissal without prejudice on its face. *See Beard*, 798 F.2d at 876.