UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RICO ISAIH HAIRSTON, | : Case No. 1:22-cv-104 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | : |
| Defendants. | : |

**ORDER**

This matter is before the Court upon Plaintiff's "Motion on: Notice to Court that Defendants Are Attempting to Transfer Me Out of State in Retaliation for Exercising My Constitutional Rights" (Doc. #17); Plaintiff's Request for Copies (Doc. #25); Defendants' Motion to Strike Miscellaneous Documents and Declarations Filed by Plaintiff (Doc. #46); Plaintiff's Brief in Opposition to Defendants' Motion to Strike (Doc. #48); Plaintiff's Motion for Status Conference on Injunctive Relief (Doc. #50), Defendants Memorandum in Response (Doc. #58); and Plaintiff's Motion to Strike Plaintiff's Request for Sanctions (Doc. #67).

**A.     Plaintiff's Request for Copies**

On April 26, 2022, Plaintiff filed a request for copies of everything—including his complaint, Orders, motions, and replies—filed in this case. (Doc. #25). Plaintiff indicates that he was "thrown in the hole on April 7th, 2022" and has "not received anything filed in this case whatsoever …." *Id.* at 123. Given the length of time since his request was filed and the uncertainty of which documents he seeks, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet in this case. If Plaintiff still seeks copies of documents, he shall then file a notice with the Court indicating which specific documents he requests. Plaintiff is advised that the Clerk

of Court for the United States District Court for the Southern District of Ohio charges $0.50 per page for copies plus the cost of postage.

    **B.    Plaintiff's "Motion on: Notice to Court that Defendants Are Attempting to Transfer Me Out of State in Retaliation for Exercising My Constitutional Rights"**

In Plaintiff's "Motion on: Notice to Court that Defendants Are Attempting to Transfer Me Out of State in Retaliation for Exercising My Constitutional Rights," he alleges that Defendants Oppy and Erdos planned to transfer him out of the state. (Doc. #17). He requests the Court grant his preliminary injunction "placing [him] in protective custody in an Ohio prison" and issue a separate order stopping Defendants from transferring him out of state. *Id.*

Plaintiff previously filed a motion for preliminary injunction seeking placement in protective custody. (Doc. #7). That motion is set for a hearing before the undersigned on October 19, 2022. Therefore, Plaintiff's request for a preliminary injunction is duplicative and is **DENIED**.

In their Second Notice of Compliance with April 7, 2022 Order, Defendants' counsel indicated that he spoke with an interstate compact agreement coordinator at the Ohio Department of Rehabilitation and Correction (ODRC) regarding Plaintiff's possible transfer out of Ohio. (Doc. #34, *PageID* #145). In April 2022, an application to refer Plaintiff to another institution outside of Ohio was submitted to ODRC. *Id*. However, the coordinator "was instructed to stop any further execution of the application pending the outcome of [Plaintiff's] motion for injunctive relief." *Id.* at 145-46. Accordingly, Plaintiff's request for an order stopping Defendants from transferring him out of state is **DENIED** without prejudice to renewal after the Court has ruled on his motion for preliminary injunction.

    **C.    Defendants' Motion to Strike**

Defendants move the Court to strike four documents filed by Plaintiff: (1) "28 U.S.C. 1976 Declaration of Rico Isaih Hairston No Access to Law Library, Case Laws; Against the 1st

Amendment" (Doc. #38); (2) "Notice to Court of Intimidation, Retaliation and Fear of My Safety [with] Attached Exhibit 'A', 'B'" (Doc. #41); (3) "28 U.S.C. 1976 Declaration of Rico Isaih Hairston" (Doc. #43); and (4) "28 U.S.C. 1976 Declaration of Deon Harris" (Doc. #44). (Doc. #46). Defendants assert that these documents have "no bearing to the claims of this action or his request for injunctive relief." *Id.* at 226. Further, they argue that Plaintiff's filings cause the Court and Defendants unfair prejudice and undue delay. *Id.*

Plaintiff disagrees, asserting the documents are relevant and related to this case. (Doc. #48). He asks the Court "in particular not to strike documents 38 and 41, as Plaintiff has no access to case law, precedent, law library, or a phone …." *Id.* at 251.

The four filings at issue appear to set forth Plaintiff's current conditions in Southern Ohio Correctional Facility. In the first filing, Plaintiff asserts that he cannot effectively prosecute his case because he has no access to the Court, case law, or the law library. (Doc. #38). In the second, he indicates that on May 23, 2022, he was harassed by a staff member.[1] (Doc. #41). According to Plaintiff, he is being pressured to dismiss this lawsuit or "be stuck in the hole …." *Id.* at 193. The third and fourth filings—declarations by Plaintiff and another inmate, Deon Harris—are related to another alleged incident of harassment that occurred on May 25, 2022. (Doc. #s 43-44).

These four filings are not filed as motions and, therefore, do not request any relief from the Court. However, the undersigned finds that there are no grounds for striking Plaintiff's filings at this time. Accordingly, Defendants' Motion to Strike Miscellaneous Documents and Declarations Filed by Plaintiff (Doc. #46) is **DENIED**.

However, Plaintiff is advised that, under S.D. Ohio Civ. R. 7.2(c), "Letters to the Court are not permitted unless (1) requested by the Court in a specific matter, or (2) advising the Court of the

---

[1] The staff member, Sergeant McCallister, is not currently a defendant in this case.

3

settlement of a pending matter. All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules." Furthermore, if Plaintiff requests a court order, he must file a motion. Fed. R. Civ. P. 7(b)(1).

### D. Plaintiff's Motion for Status Conference on Injunctive Relief

In Plaintiff's Motion for Status Conference on Injunctive Relief, he requests the Court schedule a teleconference regarding his pending motion for injunctive relief. (Doc. #50). Defendants do not oppose Plaintiff's motion. However, the Undersigned held a status teleconference on August 4, 2022, and scheduled a hearing on Plaintiff's motion for preliminary injunction for October 19, 2022. *See* Doc. #62. Accordingly, Plaintiff's Motion for Status Conference on Injunctive Relief (Doc. #50) is **DENIED** as moot.

### E. Plaintiff's Motion to Strike Plaintiff's Request for Sanctions

On September 1, 2022, Plaintiff filed a motion for sanctions under Fed. R. Civ. P. 37 for Defendants' failure to make disclosures or to cooperate in discovery and for not obeying the Court's Order. (Doc. #65). Shortly thereafter, Plaintiff filed a motion to strike his request for sanctions, explaining that he received some of the responses to his request for production of documents. (Doc. #67). Plaintiff's Motion to Strike Plaintiff's Request for Sanctions (Doc. #67) is **GRANTED**, and Plaintiff's Motion for Sanctions (Doc. #65) shall be **STRICKEN**.

### IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet in this case. If Plaintiff still seeks copies of documents, he shall then file a notice with the Court indicating which specific documents he requests;

2. Plaintiff's "Motion on: Notice to Court that Defendants Are Attempting to Transfer Me Out of State in Retaliation for Exercising My Constitutional Rights (Doc. #17) is **DENIED**;

3. Defendants' Motion to Strike Miscellaneous Documents and Declarations Filed by Plaintiff (Doc. #46) is **DENIED**;

4. Plaintiff's Motion for Status Conference on Injunctive Relief (Doc. #50) is **DENIED**; and

5. Plaintiff's Motion to Strike Plaintiff's Request for Sanctions (Doc. #67) is **GRANTED**, and Plaintiff's Motion for Sanctions (Doc. #65) shall be **STRICKEN.**

October 6, 2022                                                                 *s/Peter B. Silvain, Jr.*
                                                                                Peter B. Silvain, Jr.
                                                                                United States Magistrate Judge