UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

This matter is presently before the Court upon Plaintiff's "Motion for Leave Status Conference and TRO and Notice of Retaliation by Defendant Oppy." (Doc. #89). In his Motion, Plaintiff requests a status conference and an emergency temporary restraining order ("TRO") to enjoin "Defendant Jeremey Oppy from retaliating against Plaintiff for Prosecution of this Lawsuit." (Doc. #89, *PageID* #767). As the basis for his Motion, Plaintiff contends that, on October 25, 2022, Defendant Oppy issued a memorandum that the inmates in the J1 housing block—which is where Plaintiff is currently being housed—will have their phone privileges limited from two, fifteen-minute phone calls to a single, ten-minute phone call, once a month, and that the inmates could "thank Rico" for this change. *Id*. at 768. According to Plaintiff, this constitutes retaliatory conduct that is "malicious, sadistic, and blocks Plaintiff of any communication from the outside world, and is causing Plaintiff harm." *Id*.

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. "A preliminary injunction is an

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573. The same four-factor analysis applies to a motion for a TRO. *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. Further, "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003)*, abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395) (1981)). Indeed, TROs and preliminary injunction are extraordinary remedies that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 849 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a TRO. He has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable harm absent a TRO. As these issues are dispositive of Plaintiff's request, the undersigned need not consider the remaining factors. *Jones,* 341 F.3d at 476. Further, since Plaintiff has not carried his burden in establishing the need for a TRO, the undersigned also finds that there are no grounds for which to hold a status conference. For these reasons, Plaintiff's request cannot be met.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Leave Status Conference and TRO and Notice of Retaliation by Defendant Oppy (Doc. #89) be **DENIED**.

October 31, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).