IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rico Hairston, | : | |
| | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Frelon Sparks, *et al.*, | : | Recommendation |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff filed this case in February of 2022 against a number of prison officials alleging violations of his constitutional rights arising from the officials' alleged failure to protect him from other inmates who wish to kill him. Plaintiff filed a motion in October of 2022 for a Temporary Restraining Order ("TRO") alleging that Defendant Jeremy Oppy, a prison official, retaliated against him for filing this lawsuit by significantly reducing his cell block's phone privileges and telling other inmates that they can "thank Rico" for the reduction, in violation of his First Amendment rights. (Doc. 89 PageID 767–68.) Defendants have not filed a response in opposition.

Magistrate Judge Peter B. Silvain issued a Report and Recommendation recommending that the request for a TRO be denied. (Doc. 90.) Plaintiff then timely filed Objections to the Report and Recommendation. (Doc. 95.)

A district judge must conduct a de novo review of a magistrate judge's recommendation on a prisoner petition pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. This Court has reviewed the Report and Recommendation, analyzed the arguments made in Plaintiff's Objections, and considered the relevant case law.

Plaintiff requests that the Court restore his phone privileges, place him in protective custody, and enjoin Oppy from retaliating against him (Doc. 89 PageID 768). In support of this claim for relief, he asserts in his Motion for a TRO that phone privileges for the whole block were reduced from 30 minutes a week to 10 minutes a month, and that this was done in retaliation for his lawsuit. (*Id.* at PageID 768). Plaintiff's complaint does not include these allegations. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). The same logic applies to a TRO. *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018). The injury claimed in the TRO, the loss of phone privileges, and potentially a violent reprisal from another inmate, is not sufficiently related to the conduct complained of in the Complaint. His complaint alleges that Defendants failed to adequately protect Plaintiff from other inmates and retaliated against Plaintiff by refusing to place him in protective custody and obstructing any investigation by destroying records. In contrast to the allegations in his complaint, Plaintiff is alleging a new form of retaliation by Oppy, commencing after his complaint was filed. Therefore, Plaintiff's request for a TRO is denied. Plaintiff has "no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Colvin*, 605 F.3d at 300.

Because the Court cannot grant Plaintiff's TRO for the reasons explained above, the Court need not address the merits of the TRO. If Plaintiff wishes to pursue his retaliation claim as a part of this case, he should move for leave to amend his complaint and, if leave is granted, file a motion for a preliminary injunction. The Court expresses no view on whether such a motion should be granted.

For the foregoing reasons, the Report and Recommendation (Doc. 90) is **ADOPTED** as to the result and Plaintiff's Objections (Doc. 95) are **OVERRULED**.  The Motion for Temporary Restraining Order is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2022.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge
