**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court upon Plaintiff's Request for Copies (Doc. #25); Plaintiff's "Motion for Court Order to be Transferred Locally in lieu of P.C. Pursuant to ODRC Policy and Affidavit of Cynthia Davis due to Retaliation" (Doc. #36); Defendants' Memorandum in Opposition (Doc. #45); Plaintiff's "Motion to Compel Discovery w/ Attached Exhibit A/B of Good Faith Effort to Obtain All Requested Discovery Certification" (Doc. #55); Plaintiff's "Motion to Compel Discovery; Production of Documents and Infrastructure Records under Fed. R. Civ. P. 37(a)(B)(iv)(4)" (Doc. #68); Defendants' Memorandum in Opposition (Doc. #77); Plaintiff's Reply (Doc. #82); Plaintiff's Motion for Leave to Add Individual Capacity Claim Against Defendant Kerrie Hupka (Doc. #51), Plaintiff's Motion for Leave to Add Monell Claim Against Warden Ron Erdos (Doc. #54); Defendants' Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #42); Plaintiff's Response in Opposition (Doc. #47); Defendants' Reply (Doc. #49); Defendant, Karrie Hupka's, Motion to Dismiss Plaintiff's Complaint and Supplemental Complaint (Doc. #91); and Plaintiff's Motion for Status Teleconference (Doc. #97).

A.  **Plaintiff's Request for Copies**

On April 26, 2022, Plaintiff filed a request for copies of everything—including his complaint, Orders, motions, and replies—filed in this case. (Doc. #25). The undersigned directed the Clerk of Court send Plaintiff a copy of the docket sheet in this case so that Plaintiff could file a notice indicating which documents he needed. (Doc. #83). Plaintiff has not filed a notice requesting copies of any documents. Accordingly, Plaintiff's Request for Copies (Doc. #25) is **DENIED**.

B.  **Plaintiff's "Motion for Court Order to be Transferred Locally in lieu of P.C. Pursuant to ODRC Policy and Affidavit of Cynthia Davis due to Retaliation"**

In Plaintiff's "Motion for Court Order to be Transferred Locally in lieu of P.C. Pursuant to ODRC Policy and Affidavit of Cynthia Davis due to Retaliation," he requests the Court issue an order transferring him locally in lieu of his prior request to be placed in protective control. (Doc. #36). Plaintiff alleges that after the Court ordered he be placed in protective custody on April 7, 2022, he was instead moved to "segregation." *Id.* at 157; *see* Doc. #16. As a result of his move, he does not have access to some of his property, has not been able to speak to his family, and has undergone several negative experiences with other inmates and employees of the prison. (Doc. #36, *PageID* #157-58).

Defendants indicate that after the Court's April 7, 2022 Order that Plaintiff be placed in protective custody, Plaintiff was placed in a Transitional Placement Unit (TPU). (Doc. #45, *PageID* #220). Defendants assert that although TPU is "in essence, 'restrictive housing,'" Plaintiff's placement within TPU is "wholly within the Court's April 7, 2022, order …" because there is no specific protective control unit at Southern Ohio Correctional Facility (SOCF). *Id.* Defendants argue that in Plaintiff's request to be transferred locally, he does not mention any concern for his safety and, instead, he focuses on the restoration of the privileges he held prior to

2

his placement in TPU.  *Id.* at 221.  According to Defendants, Plaintiff's Motion is "a request for this Court's improper involvement in ordering [Plaintiff] to be housed in a unit of his choice, i.e., wherever he desires and sees fit for himself."  *Id.* at 221.

Plaintiff previously filed a motion for temporary restraining order/preliminary injunction seeking placement in protective custody.  (Doc. #7).  United States District Judge Susan J. Dlott granted Plaintiff's motion for a temporary restraining order and directed the SOCF Warden or the Warden's representative to immediately place Plaintiff in protective custody.  (Doc. #16).  After the parties briefed Plaintiff's motion for a preliminary injunction, the undersigned held a hearing on October 19, 2022.  Given Plaintiff's pending motion for preliminary injunction, Plaintiff's request for an order transferring him locally in lieu of protective control (Doc. #36) is **DENIED** without prejudice.

      C.     **Plaintiff's Motions to Compel Discovery**

In Plaintiff's first Motion to Compel Discovery, he requests the Court compel Defendants to respond to his discovery requests or issue an order to show cause.  (Doc. #55, *PageID* #299).  Plaintiff indicates that he sent his request for production of documents to Defendants on April 30, 2022.  *Id.* at 294.  Plaintiff did not receive a response, and on June 1, 2022, he sent Defendants a "Federal Rule Civ. P. 37(1) good faith effort to obtain all requested discovery certification."  *Id.* at 298, 301-02 (capitalization omitted).  On June 10, 2022, Plaintiff received a response from Defendants requesting an additional thirty days to respond to Plaintiff's discovery requests.  *Id.* at 298, 303.  Plaintiff indicates that although he expected to receive a response by July 13, 2022, he did not.  *Id.* at 299.

Plaintiff subsequently filed "Motion to Compel Discovery; Production of Documents and Infrastructure Records under Fed. R. Civ. P. 37(a)(B)(iv)(4)."  (Doc. #68).  In this Motion, Plaintiff

3

indicated that Defendants responded to his discovery requests on August 30, 2022. *Id.* at 351. However, Plaintiff asserts that Defendants' responses were evasive and incomplete. *Id.* Plaintiff requests that the Court compel Defendants to produce records related to several of his requests for production of documents. *Id.* at 375.

Plaintiff's motions concern the same request for production of documents. Accordingly, Plaintiff's first Motion to Compel (Doc. #55) is **DENIED** as moot.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parties to "exhaust[ ] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.*

Defendants assert that Plaintiff's second Motion to Compel Discovery (Doc. #68) is not ripe for consideration because the parties have not attempted to resolve the discovery dispute before involving the Court. (Doc. #77, *PageID* #648) (citing S.D. Ohio Civ. R. 37.1). Defendants contend that after Plaintiff received their discovery responses, Plaintiff did not attempt to resolve his concerns with them before filing his motion with the Court. *Id.* at 649. Further, Defendants indicate that "they are willing to discuss Plaintiff's concerns regarding some of Plaintiff's requests for production and work towards supplementing some of the responses where appropriate." *Id.* at 657.

4

Plaintiff states in his second motion that he "has made a good faith certification to request production of these court documents without court action …." (Doc. #68, *PageID* #375) (capitalization omitted). Further, in his Reply, Plaintiff maintains that "by sending a letter of good faith certification on June 7th, 2022 Plaintiff met the burden of seeking discovery without court action." (Doc. #82, *PageID* #734) (capitalization omitted); *see* Doc. #55, *PageID* #s 301-02.

Although it appears that Plaintiff attempted to confer with Defendants before filing his first Motion to Compel, there is no evidence that Plaintiff exhausted all extrajudicial means for resolving this dispute before filing his second Motion. Plaintiff sent his letter to Defendants' counsel *before* receiving their responses to his discovery requests. Plaintiff does not contend he attempted to confer with Defendants' counsel *after* he received their discovery responses. Further, Plaintiff does not attach any evidence showing that he did attempt to confer with them. Defendants' counsel, moreover, asserts that Plaintiff did not attempt to contact them before filing his second Motion to Compel with the Court. (Doc. #77, *PageID* #649). Accordingly, Plaintiff's Motion to Compel Discovery (Doc. #68) is **DENIED** without prejudice.

> D. **Plaintiff's Motion for Leave to Add Individual Capacity Claim Against Defendant Kerrie Hupka and Plaintiff's Motion for Leave to Add Monell Claim Against Warden Ron Erdos**

In July 2022, Plaintiff filed two motions seeking to amend his complaint: Motion for Leave to Add Individual Capacity Claim Against Defendant Kerrie Hupka (Doc. #51) and Motion for Leave to Add Monell Claim Against Warden Ron Erdos (Doc. #54). Plaintiff did not, however, file a proposed second amended complaint. In order to better understand the nature and extent of Plaintiff's proposed claims, the undersigned ordered Plaintiff to file a proposed second amended complaint that includes both his individual capacity claim against Defendant Hupka and his Monell claim against Defendant Erdos by November 16, 2022. (Doc. #85). On November 8, 2022, Plaintiff filed "Motion for Leave Amended Complaint." (Doc. #93). On December 5, 2022,

Plaintiff filed Motion for Leave to File Supplemental Complaint. (Doc. #103). In light of Plaintiff's two new motions to amend his complaint, Plaintiff's Motion for Leave to Add Individual Capacity Claim Against Defendant Kerrie Hupka (Doc. #51) and Motion for Leave to Add Monell Claim Against Warden Ron Erdos (Doc. #54) are **DENIED** as moot.

### E. Defendants' Motions to Dismiss

In May 2022, Defendants filed Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #s 1 and 14). (Doc. #42). In November 2022, Defendant Karrie Hupka filed Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #s 1 and 14). (Doc. #91). Plaintiff has since filed "Motion for Leave Amended Complaint" (Doc. #93) and Motion for Leave to File Supplemental Complaint (Doc. #103).

"A court first should consider a pending motion to amend before dismissing a complaint." *Rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). Accordingly, Defendants' Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #42) and Defendant Karrie Hupka's Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #91) are **DENIED** without prejudice to renewal after the Court has ruled on Plaintiff's motions to amend his complaint.

### F. Plaintiff's Motion for Status Conference

Plaintiff requests a status teleconference to clarify whether: 1) the Court has received Plaintiff's Amended Complaint; 2) the Court has received Plaintiff's objections to the Report and Recommendations (Doc. #90); and 3) Plaintiff must file a reply to Defendant Hupka's Motion to Dismiss in light of his Amended Complaint. (Doc. #97).

A status conference is not necessary at this time as these issues can be easily answered without a conference. The Court has received Plaintiff's "Motion for Leave Amended Complaint"

(Doc. #93), Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. #103), and Plaintiff's objections to Report and Recommendations (Doc. #95). Plaintiff is not required to file a response to Defendant Hupka's Motion to Dismiss because, as indicated above, the undersigned denied Defendant Hupka's Motion. Accordingly, Plaintiff's Motion for Status Conference (Doc. #97) is **DENIED**. To assist Plaintiff's understanding of what has been filed in this case, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket in this case.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Request for Copies (Doc. #25) is **DENIED**;

2. Plaintiff's request for an order transferring him locally in lieu of protective control (Doc. #36) is **DENIED** without prejudice;

3. Plaintiff's Motion to Compel (Doc. #55) is **DENIED** as moot;

4. Plaintiff's Motion to Compel Discovery (Doc. #68) is **DENIED** without prejudice;

5. Plaintiff's Motion for Leave to Add Individual Capacity Claim Against Defendant Kerrie Hupka (Doc. #51) is **DENIED** as moot;

6. Plaintiff's Motion for Leave to Add Monell Claim Against Warden Ron Erdos (Doc. #54) is **DENIED** as moot;

7. Defendants' Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #42) is **DENIED** without prejudice;

8. Defendant Karrie Hupka's Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. #91) is **DENIED** without prejudice;

9. Plaintiff's Motion for Status Conference (Doc. #97) is **DENIED**; and

10. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket in this case.

January 19, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge