UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RICO ISAIH HAIRSTON, | Case No. 1:22-cv-104 |
| Plaintiff, | |
| vs. | District Judge Susan J. Dlott |
| | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | |
| Defendants. | |

# REPORT AND RECOMMENDATION[1]

This case is presently before the Court upon Plaintiff's Motion for Leave for Emergency Preliminary Injunction (Doc. #96); Defendants' Memorandum in Opposition (Doc. #99); and Plaintiff's Reply (Doc. #101).

**I.**     **Background**

Shortly after initiating this lawsuit, Plaintiff, an inmate at Southern Ohio Correctional Facility (SOCF), filed Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. #7).  On April 7, 2022, United States District Judge Susan J. Dlott granted Plaintiff's motion for a temporary restraining order "to the extent that the SOCF Warden or the Warden's representative is directed to immediately place plaintiff in protective custody."  (Doc. #16).  Upon receipt of the Court's Order, Plaintiff was transferred to the Transitional Placement Unit (TPU).[2]  (Doc. #33, *PageID* #141).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] SOCF does not have a Protective Control (PC) unit.  (Doc. #33, *PageID* #141).  Accordingly, placing Plaintiff in PC would require his transfer out of SOCF to a different institution.  *Id.* at 142.

On November 14, 2022, Plaintiff filed the Motion for Leave for Emergency Preliminary Injunction (Doc. #96) that is presently before the Court.

## II.     Standard of Review

Federal Rule of Civil Procedure 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573. The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. Further, "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003)*, abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

## III.    Discussion

In Plaintiff's Motion for Leave for Emergency Preliminary Injunction, he asks the Court for an order placing him in protective custody. (Doc. #96). According to Plaintiff, he is currently

housed in cell 3 on the "staff assault block."[3] *Id.* at 830. Plaintiff explains that he recently learned from the inmate in cell 4 that the inmate in cell 5, R.E.,[4] planned to pay a correction officer to open R.E. and Plaintiff's cell doors so that R.E. could attack Plaintiff. *Id.* at 830-31. Plaintiff alleges that R.E. is a "heartless felon" and "was told by a c/o that [Plaintiff] filed a lawsuit and snitched on his organization." *Id.* at 831-32. Plaintiff states that he is not safe and is going to die. *Id.* at 830.

Defendants oppose Plaintiff's Motion. (Doc. #99). They provide an overview of the layout of the J1 Block, explaining that it consists of four ranges, each containing five separate cells. *Id.* at 847; Doc. #99-1, *PageID* #855. In order to move an individual into and out of a specific cell, it takes the cooperation of multiple correction officers in different locations. (Doc. #99, *PageID* #847). Further, only one incarcerated individual is permitted to walk on a range at one time. (Doc. #99-1, *PageID* #856). According to Cynthia Davis, the Deputy Warden of Operations at SOCF, who submitted a Declaration in support of Defendants' Memorandum in Opposition, "The J1 block at SOCF is the most secure housing area within SOCF, as it is very structured in how individuals are able to move about the range." (Doc. #99-1, *PageID* #856).

Defendants indicate that Plaintiff is correct that, upon his transfer to SOCF, R.E. was moved to Plaintiff's range in the J1 Block. (Doc. #99, *PageID* #847). However, upon receipt of Plaintiff's grievance and informal complaint, Plaintiff was moved to a separate range. *Id.* at 847-48. He is the only inmate in that range. *Id.* at 848. According to Defendants, "It is physically impossible for R.E. or another incarcerated individual to access Plaintiff's cell without the

---

[3] Plaintiff's Motion and Reply were submitted in all capital letters. Quoted portions of the motions that appear in this Report and Recommendation use lower case letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.
[4] Although Plaintiff uses this inmate's full name, Defendants refer to him by his initials. *See* Doc. #99. Given Plaintiff's allegations against this inmate, the undersigned finds that it is more appropriate to refer to him as R.E.

3

cooperation of multiple correction officers who are stationed in separate locations and under constant surveillance." *Id.*; *see* Doc. #99-1, *PageID* #s 857, 862. Further, as of November 18, 2022, R.E. was transferred to another cell block. (Doc. #99, *PageID* #848).

In his Reply, Plaintiff confirms that he was moved to a different range but argues that he "is still faced with a substantial risk of irreparable harm if the injunction does not issue." (Doc. #101, *PageID* #877). He reiterates the arguments from the Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. #7) that is pending before this Court. *Id.* at 877-79. Further, he questions Defendants' statement that several correction officers would need to work together to release inmates from cells in the J1 Block, asserting that Defendants "have already demonstrated that they can and will work together to destroy records!" *Id.* at 879.

The undersigned **RECOMMENDS** that Plaintiff's Motion for Leave for Emergency Preliminary Injunction (Doc. #96) be **DENIED** as moot. As Defendants established, R.E., the inmate who Plaintiff alleges planned to attack him, is no longer in the same cell or unit as Plaintiff. (Doc. #99, *PageID* #s 847-48); (Doc. #101, *PageID* #877). Furthermore, to the extent that Plaintiff asserts that he faces a substantial risk of irreparable harm from other inmates or correction officers, Plaintiff has not alleged facts sufficient to warrant a preliminary injunction.[5] *See ACLU of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief." (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012))). He has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable

---

[5] Plaintiff has also filed "Motion for Leave to Preserve Evidence of Threat to My Life I Received in the Mail on Dec. 13th, 2022 and Request to Supplement Plaintiff's Motion for Emergency Preliminary Injunction w/Ex 'A'-'B' with the Evidence Attached" (Doc. #104). Although the undersigned has not ruled on this Motion, the evidence contained therein is insufficient to support Plaintiff's request for an emergency preliminary injunction.

4

harm absent a preliminary injunction. As these issues are dispositive of Plaintiff's request, the undersigned need not consider the remaining factors. *Jones,* 341 F.3d at 476.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Leave for Emergency Preliminary Injunction (Doc. #96) be **DENIED**.

August 24, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).