## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion for Leave to Supplement Plaintiff's Responsive Brief with Attached Exhibit 'A'-'H' in Support of Denial of Access to Court's/Law Library and Request to Impose Sanctions and Strike Declaration of Lisa Reuter for Perjury"[1] (Doc. #80); Plaintiff's Motion to Serve Newly Added Defendant BOCR and to Send Copy of Amended Complaint to All Defendants Collectively (Doc. #94); Plaintiff's Request to Stay until BOCR Is Served (Doc. #102); Plaintiff's Motion for Leave to Preserve Evidence of Threat to My Life (Doc. #104); Defendants' Motion to Strike Plaintiff's Motion for Leave to Preserve Evidence (Doc. #107); Plaintiff's Response in Opposition (Doc. #108); Plaintiff's Motion to Strike Defendants' Motion to Strike (Doc. #109); Plaintiff's Motion to Appoint Counsel and Status Conference (Doc. #111); Defendants' Response in Opposition (Doc. #112); Plaintiff's Reply (Doc. #113); Plaintiff's Motion for Informal Telephone Conference (Doc. #114); Defendants' Memorandum in Response (Doc. #115); and Plaintiff's Reply (Doc. #118).

---

[1] Plaintiff's motions and responses/replies were submitted in all capital letters. Quoted portions of the motions that appear in this Report and Recommendation use lower case letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.

### A. Plaintiff's Motion for Leave to Supplement His Responsive Brief

In Plaintiff's Motion, he requests leave to supplement his brief in support of his motion for preliminary injunction with exhibits related to his alleged denial of access to the courts and law library. (Doc. #80). He also moves to strike the declaration of Lisa Reuter for perjury and impose sanctions. *Id.*

Shortly after initiating this lawsuit, Plaintiff, an inmate at Southern Ohio Correctional Facility (SOCF), filed Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. #7). On April 7, 2022, United States District Judge Susan J. Dlott granted Plaintiff's motion for a temporary restraining order "to the extent that the SOCF Warden or the Warden's representative is directed to immediately place plaintiff in protective custody." (Doc. #16). Upon receipt of the Court's Order, Plaintiff was transferred to the Transitional Placement Unit (TPU).[2] (Doc. #33, *PageID* #141). Plaintiff is currently housed in the J1 Block. *See* Doc. #99, *PageID* #847. In past filings, Plaintiff has alleged that while in the J1 Block, he has been denied access to his tablet, the law library, and the courts. *See* Doc. #103.

In the present Motion, Plaintiff asserts, "The Defendants whole objective from the beginning [] is to work with the Attorney General's Office against me and place me on units where I have no access to Lexis Nexis, or law library or case law[]." (Doc. #80, *PageID* #666). Plaintiff explains that he sent several requests for case law to the law librarian, Lisa Reuter. *Id.* at 666-67. However, she did not send the requested case law. *Id.* He then wrote an informal complaint against Ms. Reuter and, when he did not receive a response, requested a grievance form from an inspector. *Id.* at 668. Several days later, he received a response from Ms. Reuter's supervisor. *Id.* However, he still wanted to grieve the issue and requested another grievance form. *Id.* The

---

[2] SOCF does not have a Protective Control (PC) unit. (Doc. #33, *PageID* #141). Accordingly, placing Plaintiff in PC would require his transfer out of SOCF to a different institution. *Id.* at 142.

2

inspector informed him that sending the same requests multiple times would "only get [him] on restriction." *Id.* Plaintiff attached copies of his requests and the responses he received. *Id.* at 670-83.

Plaintiff further contends, "Defendants have tied Plaintiff's hands behind his back and then are deliberately throwing it in his face." (Doc. #80, *PageID* #669). Plaintiff points to statements by Defendants in their response to Plaintiff's brief in support of his motion for preliminary injunction. *Id.* at 668 (citing Doc. #74). Specifically, Defendants deny that Plaintiff has been denied access to the courts, asserting:

> Plaintiff failed to cite to any statute or case authority that supports his position in his brief, and it is likely because no authority exists that supports his position. Plaintiff cannot be excused from failing to refer to any authority that supports his position by contending he was denied access to legal materials. Such claims by Plaintiff are false and should be disregarded if made.

(Doc. #74, *PageID* #541). Defendants also attached a declaration from Ms. Reuter. (Doc. #74-1). In her declaration, Ms. Reuter explains that inmates who are unable to go the law library at SOCF can send a written request for legal materials. *Id.* at 545. The inmate must send a fully executed and signed cash slip with their request. *Id.* As part of her job duties, Ms. Reuter documents and logs all requests for access to legal materials. *Id.* at 545. Between April 1, 2022 and September 13, 2022, Ms. Reuter documented and logged "any and all" of Plaintiff's requests for legal materials. *Id.* at 545-46. Ms. Reuter states that Plaintiff "has not been denied access to legal materials on the basis of where he has been housed at SOCF." *Id.* at 546.

He asserts that Ms. Reuter lied in her declaration and requests that the declaration (Doc. #74-1) and Defendants' response (Doc. #74) be stricken from the record and that sanctions be imposed. *Id.*

3

Plaintiff's exhibits do not support his assertion that Ms. Reuter lied or committed perjury in her declaration. Instead, they show that on two occasions, Plaintiff requested legal materials and Ms. Reuter denied his request because he did not submit a cash slip. (Doc. #80, *PageID* #s 670, 672). When Plaintiff resubmitted his request, Ms. Reuter noted that she enclosed a copy of the Ohio Revised Code section he requested and indicated that a different section of the Code had been repealed. *Id.* at 672. With respect to his requests for copies of the reported opinions from his three cases, she advised him to contact the court for copies and noted that she does not have access to the Court's docket. *Id.* In two other instances, it appears that Ms. Reuter denied his requests because they had "already been answered." *Id.* at 674, 676. She further advised Plaintiff not to resubmit them. *Id.* These exhibits are not inconsistent with Ms. Reuter's declaration. Accordingly, to the extent that he seeks to strike Ms. Reuter's declaration and/or Defendants' response and impose sanctions, his requests are **DENIED**. However, to the extent that Plaintiff requests to supplement his responsive brief with the exhibits attached to his motion, Plaintiff's request is **GRANTED**.

**B.      Plaintiff's Motion to Serve BOCR and Request to Stay until BOCR Is Served**

Plaintiff asks that the Court serve "newly added Defendant BOCR and to send [a] copy of Amended Complaint to All Defendant[s] Collectively." (Doc. #94). In November 2022, Plaintiff filed "Motion for Leave [to File] Amended Complaint." (Doc. #93). Plaintiff's proposed amended complaint included a new claim against the Bureau of Classification and Reception (BOCR). The undersigned recently recommended that Plaintiff's "Motion for Leave [to File] Amended Complaint" be granted in part and denied in part. (Doc. #127). The time for filing objections to the Report and Recommendations has not yet expired. If District Judge Dlott adopts the Report and Recommendations, the undersigned will order service of the Amended Complaint on BOCR.

4

Accordingly, Plaintiff's request to serve Defendant BOCR is **DENIED** as premature. Further, Plaintiff's request to send a copy of his Amended Complaint to Defendants is **DENIED**. Defendants, who are represented by the Office of the Ohio Attorney General, receive electronic notification of all documents filed in this case.

Plaintiff further requests that the Court "stay Doc. # 7, 70, 71, 75, 72, 73, 74, 96, 99 an[d] this Reply in Opposition, until BOCR has been served" if the Court finds that Defendant Hupka does not have the authority to move Plaintiff to protective custody as Plaintiff requested in his motions for preliminary injunction.[3] (Doc. #102). These documents include Plaintiff's motions for preliminary injunction (Doc. #s 7, 96), responsive memoranda and briefing related to those motions (Doc. #s 70, 71, 74, 75, 99), and other related motions (Doc. #s 72, 73). Plaintiff's first motion for preliminary injunction (Doc. #7) has been extensively and fully briefed by the parties as well as argued in a hearing before the undersigned. No further briefing is necessary, and the motion is ripe for review. Accordingly, the undersigned finds that a stay would cause unnecessary delay and Plaintiff's request is **DENIED**. Further, the undersigned ruled on the related motions (Doc. #s 72, 73) and recently recommended that Plaintiff's Motion for Leave for Emergency Preliminary Injunction (Doc. #96) be denied. (Doc. #s 76, 128). Thus, Plaintiff's request to stay briefing and/or ruling on those motions is **DENIED** as moot.

    **C. Plaintiff's Motion for Leave to Preserve Evidence of Threat to My Life & Cross Motions to Strike**

In Plaintiff's Motion for Leave to Preserve Evidence of Threat to My Life, he states that he received a letter from another inmate, M. Perry, on December 13, 2022. (Doc. #104). Plaintiff

---

[3] In Plaintiff's motion for preliminary injunction, he requests to be moved to protective custody. (Doc. #7). Defendants argued Defendant Hupka does not have the authority to effectuate that move. The undersigned finds that it would not be appropriate at this time to determine whether Defendant Hupka has the authority to move Plaintiff to protective custody. If necessary, the undersigned will address this issue in the Report and Recommendation on Plaintiff's motion (Doc. #7).

5

believes that the letter is from a member of the heartless felon gang. *Id.* at 906. Plaintiff "is afraid that if he turns this into staff member's they will destroy this evidence …." *Id.* He indicates that if the Court sends him a copy of his motion and attached letter, he will "turn it over to staff." *Id.* at 907. Plaintiff moves for "leave to preserve evidence of threat to [his] life … and request[s] to supplement Plaintiff's motion for emergency preliminary injunction" with the attached evidence. *Id.*

Defendants move the Court to strike Plaintiff's motion. (Doc. #107). They assert that the letter is hearsay evidence and would be inadmissible for evidentiary purposes. *Id.* at 107. Further, they contend that allowing consideration of the evidence in conjunction with Plaintiff's motion for preliminary injunction would "highly prejudice Defendants, in that they had no opportunity to depose and/or cross-examine Mr. Perry as to what he means within the correspondence." *Id.* at 935-36. Finally, Defendants point out that Mr. Perry has commenced lawsuits that mirror Plaintiff's and indicate that if this case proceeds beyond the motion to dismiss, they "will look to discover whether Plaintiff and Mr. Perry are working in conjunction so as to provide false evidence on behalf of each other so as to support their claims." *Id.* at 936.

In response to Defendants' Motion, Plaintiff filed "28 U.S.C. 1746 Declaration of Rico Isaih Hairston" and "Cross Motion to Strike" Defendants' Motion to Strike. (Doc. #s 108-09). In his declaration, Plaintiff explains that in the letter he received, Mr. Perry confirmed his membership in the heartless felon gang and told him that regardless of what prison Plaintiff is transferred to, members of the heartless felon gang will stab him. (Doc. #108, *PageID* #s 938-39). Plaintiff alleges that this letter "established a nationwide verifiable threat to [his] safety …." *Id.* at 938. Further, Plaintiff states that he does not know Mr. Perry and is not working in conjunction

6

with him. *Id.* at 939. He indicates that he would "welcome Defendants to thoroughly investigate what Mr. M. Perry means within this letter …." *Id.*

In addition, Plaintiff moves to strike Defendants' Motion to Strike (Doc. #107), asserting that "it is not supported by any evidence and is an obstruction of justice." (Doc. #109).

It is not clear from Plaintiff's Motion whether he seeks to supplement his Motion for Preliminary Injunction (Doc. #7) or Motion for Emergency Preliminary Injunction (Doc. #96). To the extent that Plaintiff requests to supplement his Motion for Emergency Preliminary Injunction (Doc. #96), his request is **DENIED** as moot. The undersigned recommended that Plaintiff's motion be denied on August 24, 2023. (Doc. #128). To the extent that Plaintiff requests to supplement his Motion for Preliminary Injunction (Doc. #7), Plaintiff's request to supplement is **GRANTED**. The attached evidence (Doc. #104-1) is accepted as an exhibit to Plaintiff's Motion for Preliminary Injunction subject to the Federal Rules of Evidence. Furthermore, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of his Motion (Doc. #104) and attached exhibits (Doc. #104-1).

The undersigned finds no grounds to strike Plaintiff's "Motion for Leave to Preserve Evidence …" (Doc. #104) or Defendants' Motion to Strike (Doc. #107). Accordingly, Defendants' Motion to Strike (Doc. #107) and Plaintiff's Cross Motion to Strike (Doc. #109) are **DENIED**.

D. **Plaintiff's Motion to Appoint Counsel and Status Conference**

Plaintiff requests that the Court appoint him counsel. (Doc. #111). He explains that appointment of counsel would serve the best interests of both parties because counsel would be able to communicate with Defendants' counsel and the Court more effectively and "mitigate issues Plaintiff is having with regards to access to the courts." *Id.* at 954.

7

The United States Constitution does not require the appointment of counsel for indigent plaintiffs in civil cases such as this, and Congress has not provided funds with which to compensate attorneys who might agree to represent those plaintiffs. Moreover, there are not enough attorneys who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint an attorney for all who file cases on their own behalf. The Court makes every effort to appoint counsel in civil cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). No such exceptional circumstances presently appear in this case.

Accordingly, Plaintiff's request for appointment of counsel (Doc. # 111) is **DENIED**.

Plaintiff also requests a status conference to discuss mediation and the status of several pending motions. (Doc. #111, *PageID* #953-54). After Plaintiff filed his request, the undersigned held a status conference on June 5, 2023, to discuss the status of the case and mediation. On June 8, 2023, this case was referred to Magistrate Judge Caroline H. Gentry for the purposes of conducting a mediation. (Doc. #122). Judge Gentry scheduled the mediation for August 16, 2023. (Doc. #125). However, upon review of the parties' mediation statements, Judge Gentry concluded that the mediation was unlikely to be fruitful and cancelled it. (Notation Order from Aug. 2. 2023). Given these events, a second status conference to discuss mediation is unnecessary at this time.

Further, a teleconference to discuss some of Plaintiff's pending motions is not necessary as these motions have been addressed in this Order and in the Report and Recommendation issued on August 24, 2023 (Doc. #128). Accordingly, Plaintiff's request for a status teleconference (Doc. # 111) is **DENIED**.

E. **Plaintiff's Motion for Informal Telephone Conference**

Plaintiff asks the Court for an informal teleconference regarding his third and fourth discovery requests. (Doc. #114). According to Plaintiff, he sent Defendants his third request for production of documents on February 13, 2023. (Doc. #114, *PageID* #981); (Doc. #114-1, *PageID* #s 989-90). He requested they respond within thirty days. (Doc. #114, *PageID* #982). On February 15, 2023, Plaintiff sent his fourth requests for production of documents. (Doc. #114, *PageID* #983); (Doc. #114-1, *PageID* #s 991-92). He again requested that they respond within thirty days. (Doc. #114, *PageID* #983). On March 17, 2023, Plaintiff had not received responses from Defendants and sent them "a letter of certification of good faith …." *Id.* at 984; (Doc. #114-1, *PageID* #s 993-96). In the letter, he indicated that if Defendants did not respond by March 24, 2023, he intended to request an informal discovery teleconference with the Court. (Doc. #114, *PageID* #s 984-85). As of March 26, 2023, Plaintiff had not received a response from Defendants and thus filed this Motion. *Id.* at 985.

In their Response, Defendants indicate that although they do not oppose Plaintiff's Motion, they do not believe an informal discovery teleconference is necessary at this time. (Doc. #115, *PageID* #997). Defendants explain that they served their written responses and objections to Plaintiff's third and fourth requests on April 5, 2023. *Id.* According to Defendants, they received correspondence from Plaintiff on April 7, 2023 that indicated "Plaintiff continued to take exception to Defendants' response to certain requests …." *Id.* However, Defendants "stand by their written responses and objections" to Plaintiff's third and fourth requests for production of documents. *Id.* at 999.

In Plaintiff's Reply, he outlines his requests and explains why he believes the requested information should be produced. (Doc. #118).

9

A review of Plaintiff's Motion, Defendants' Response, and Plaintiff's Reply reveals that, although Defendants responded to Plaintiff's third and fourth requests for production of documents, some issues remain outstanding. However, it does not appear that the parties have attempted to resolve these issues *prior* to seeking an informal discovery teleconference with the undersigned. Although the undersigned recognizes that Plaintiff is frustrated by Defendants' failure to respond to his requests for production of documents within thirty days, Plaintiff is encouraged to work with Defendants' counsel *before* seeking intervention from the Court.

Accordingly, Plaintiff's Motion for Informal Telephone Conference (Doc. #114) is **DENIED** as premature. However, in an effort to further resolution of these issues, the undersigned **ORDERS** Defendants to review Plaintiff's Reply (Doc. #118) and provide Plaintiff with an updated response to his requests for production of documents within **fourteen (14) days**. If Defendants' updated response does not resolve the issues, Plaintiff is directed to file a renewed motion for an informal discovery teleconference.[4]

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Leave to Supplement Plaintiff's Responsive Brief (Doc. #80) is **GRANTED**, in part, and **DENIED**, in part;

2. Plaintiff's Motion to Serve Newly Added Defendant BOCR and to Send Copy of Amended Complaint to All Defendants Collectively (Doc. #94) is **DENIED**;

3. Plaintiff's Request to Stay until BOCR Is Served (Doc. #102) is **DENIED**;

4. Plaintiff's Motion for Leave to Preserve Evidence of Threat to My Life (Doc. #104) is **GRANTED**, in part, and **DENIED**, in part;

5. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of his Motion (Doc. #104) and attached exhibits (Doc. #104-1);

---

[4] In Plaintiff's motion, he should specifically identify which of Defendants' responses are deficient.

6. Defendants' Motion to Strike Plaintiff's Motion for Leave to Preserve Evidence (Doc. #107) is **DENIED**;

7. Plaintiff's Motion to Strike Defendants' Motion to Strike (Doc. #109) is **DENIED**;

8. Plaintiff's Motion to Appoint Counsel and Status Conference (Doc. #111) is **DENIED**; and

9. Plaintiff's Motion for Informal Telephone Conference (Doc. #114) is **DENIED**.

August 30, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge