UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

This case is presently before the Court upon Plaintiff's "28 U.S.C. 1946 Declaration and Motion for Court Intervention and Threat of Imminent Harm" (Doc. #141) and Defendants' Memorandum in Opposition (Doc. #144).

**I.   Background**

Shortly after initiating this lawsuit, Plaintiff, an inmate at Southern Ohio Correctional Facility (SOCF), filed Motion and Request for Temporary Restraining Order/Preliminary Injunction (Doc. #7). On April 7, 2022, United States District Judge Susan J. Dlott granted Plaintiff's motion for a temporary restraining order "to the extent that the SOCF Warden or the Warden's representative is directed to immediately place plaintiff in protective custody." (Doc. #16). Upon receipt of the Court's Order, Plaintiff was transferred to the Transitional Placement Unit (TPU).[2] (Doc. #33, *PageID* #141).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] SOCF does not have a Protective Control (PC) unit. (Doc. #33, *PageID* #141). Accordingly, placing Plaintiff in PC would require his transfer out of SOCF to a different institution. *Id.* at 142.

On December 4, 2023, Plaintiff filed the Motion for Court Intervention and Threat of Imminent Harm (Doc. #141) that is presently before the Court.

**II.     Standard of Review**

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).  In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573.  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *Leary*, 228 F.3d at 736.  Further, "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003)*, abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits."  *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  When a prisoner

requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

**III.**    **Discussion**

In Plaintiff's Motion, he asks the Court to intervene and remove him from his current prison.  (Doc. #141, *PageID* #1234).  Plaintiff alleges that since June 2023, when he was placed in the K1 block at SOCF, he has been "sprayed with feces a total of 3 times" by other inmates.[3]  *Id.* at 1230.  Plaintiff indicates that after these incidents, he was not given a sanitation shower or supplies to clean up.  *Id.* at 1231.  According to Plaintiff, "administration has destroyed video footage" of the alleged attacks and "thwarted every report I have made concerning these attacks."  *Id.* at 1232.

Plaintiff alleges that an "unknown inmate" keeps threatening to mix battery acid and grease, heat it up, and throw it into Plaintiff's cell.  *Id.* at 1231-32.  The inmate told Plaintiff that that the people Plaintiff is suing are going to let him do it.  *Id.* at 1231.  Plaintiff reported it to

---

[3] Plaintiff's Motion was submitted in all capital letters.  Quoted portions of the motion that appear in this Report and Recommendation use lower case letters for better readability.  The undersigned has taken care to preserve the original meaning, as best as can be determined.

Defendant Oppy, and Defendant Oppy told him, "The Court put you there[.] We can't move you." *Id.*

Plaintiff alleges that on November 3, 2023, he intentionally spit on an inmate and was moved to the "hole." *Id.* at 1231-32. When Plaintiff returned to his cell on November 14, 2023, his law books, hygiene products, and GTL tablet were missing. *Id.* at 1232-33. Plaintiff reported the missing items to Defendant Oppy, but Defendant Oppy told Plaintiff that "his hands are tied." *Id.* at 1233. Plaintiff states that he is "in extreme fear for [his] safety" and asks to be removed from SOCF. *Id.* at 1233-34.

Defendants oppose Plaintiff's Motion. (Doc. #144). Defendants' counsel indicates that although he "engaged in a due and good faith effort to research [Plaintiff's] claims and allegations" and requested information from prison officials at SOCF, "due to the vagueness of [Plaintiff's] allegations, i.e., the lack of dates, times, and names of the incarcerated individuals who allegedly assaulted him, prison officials were unable to substantiate and/or confirm or deny that these occurrences took place as [Plaintiff] alleged." *Id.* at 1242. Furthermore, prison officials informed Defendants' counsel that there are no incident reports involving the Plaintiff while he has been housed in the K1 block, except for the report involving Plaintiff spitting on another individual. *Id.* Because no reports were filed, there is no archived surveillance footage that would be able to substantiate Plaintiff's alleged attacks. *Id.* Moreover, Defendants' counsel explains that specific names of individuals are needed to be able to find any potential disciplinary histories of those other individuals. *Id.* Finally, Defendants indicate that Plaintiff's placement in restricted housing for violating prison rules would explain the restriction on his access to his personal property. *Id.*

Plaintiff has not alleged facts sufficient to warrant the extraordinary remedy of a preliminary injunction in this case. Indeed, Plaintiff provided very few details in support of his

4

Motion. For example, he did not identify who is threatening him or when the threats took place. Plaintiff has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable harm absent a preliminary injunction. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."); *Bates v. Hale*, 2023 WL 4699892, at *3 (S.D. Ohio 2023), *report & recommendation adopted*, 2023 WL 5278681 (S.D. Ohio 2023) (citing *Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438 n. 3 (6th Cir. 1984)) ("When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials."). As these issues are dispositive of Plaintiff's request, the undersigned need not consider the remaining factors. *Jones,* 341 F.3d at 476.

In sum, because Plaintiff has failed to meet his burden to secure the requested injunctive relief, the undersigned **RECOMMENDS** that Plaintiff's Motion for Court Intervention and Threat of Imminent Harm" (Doc. #141) be **DENIED**. *See ACLU of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)) ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief.").

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Court Intervention and Threat of Imminent Harm" (Doc. #141) be **DENIED**.

June 7, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).