IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rico Isaih Hairston, | : | |
| | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Frelon Sparks, *et al.*, | : | Recommendation and Denying Motion |
| | : | for Court Intervention |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Peter B. Silvain, Jr. on June 7, 2024. (Doc. 152.) The Magistrate Judge recommended that the Court deny Plaintiff's Declaration and Motion for Court Intervention and Threat of Imminent Harm ("Motion for Court Intervention"), which he treated as a motion for preliminary injunction. (Doc. 141.) For the reasons that follow, the Court will **ADOPT** the Report and Recommendation and **DENY** Plaintiff's Motion for Court Intervention.

I. STANDARD OF LAW AND ANALYSIS

Title 28 U.S.C § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions and prisoner petitions challenging conditions of confinement. Parties then have fourteen days to make file and serve specific written objections to the report and recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report."

1

*Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

  The Court has reviewed Plaintiff's Motion for Court Intervention and Defendants' Memorandum in Opposition. (Docs. 141, 144.) Plaintiff asks the Court to remove him from his current prison due to acts of violence and threats against him. However, as pointed out by the Magistrate Judge, Plaintiff provided few concrete details about the alleged violence and threats against him and no evidence establishing a likelihood of success on the merits of his claim. The Magistrate Judge recommended denying the Motion for Court Intervention. Plaintiff did not file objections to the Report and Recommendation despite the Magistrate Judge providing him with specific Notice of his right to timely object. (Doc. 152 at PageID 1272.) The Court agrees with the well-reasoned Report and Recommendation and will deny the Motion for Court Intervention.

## II.  CONCLUSION

The Report and Recommendation (Doc. 152) is **ADOPTED**, and Plaintiff's Motion for Court Intervention (Doc. 141) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge
