# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Susan J. Dlott |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| FRELON SPARKS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

This case is before the Court upon Defendants Nolan and Hupka's Notice of Compliance with Court's January 31, 2025 Order and supporting exhibits (Doc. #184), "Plaintiff's Memorandum of Compelled Discovery that Defendants Have Not Complied with this Court's Order"[1] (Doc. #188); Defendants' Memorandum in Response (Doc. #190), and Plaintiff's Reply (Doc. #191).

On June 20, 2024, Plaintiff filed his third motion to compel. (Doc. #154). Plaintiff asserted that Defendants' supplemental responses were "incomplete and evasive" and that he did not receive several specific documents. *Id.* at 1354. On January 31, 2025, the Court granted, in part, and denied, in part, Plaintiff's third motion to compel. (Doc. #180). In granting Plaintiff's third motion in part, the undersigned required Defendants to produce additional discovery to Plaintiff:

> Defendants are **ORDERED** to either produce the documents reviewed or considered by Defendants Hupka in her denial of Plaintiff's March 1, 2022 appeal (that have not already been produced) or confirm in writing that no other documents responsive

---

[1] Plaintiff's filings were submitted in all capital letters. Quoted portions of the filings that appear in this Order use lower case letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.

> to Plaintiff's request exist.  Additionally, Defendant Nolan is hereby **ORDERED** to conduct a search for all email communications sent to or from Defendants and Warden Davis concerning Plaintiff between October 26, 2021 and April 24, 2022, and file an affidavit, no later than February 28, 2025, which must include (1) the steps he took to search for emails regarding Plaintiff during the relevant time period; (2) the results of such search; and (3) an explanation for the misstatement in his prior Declaration.  If Defendant Nolan finds any additional emails, he must produce such emails to Plaintiff on or before February 28, 2025.

*Id.* at 2314.  The undersigned instructed Defendants to file a notice with the Court upon production of the outstanding discovery to Plaintiff and directed Plaintiff to file a memorandum indicating whether he believes Defendants have complied with the Order.  *Id.*

In response to the Court's January 31, 2025 Order, Defendants filed a Notice of Compliance with the following attachments: (1) Declaration of Karrie Hupka (Doc. #184-1); (2) Declaration of Brian Nolan (Doc. #184-2, *PageID* #s 2373-74); and (3) three emails regarding Plaintiff (Doc. #184-2, *PageID* #s 2375-78).

Plaintiff asserts that Defendants did not comply with the Court's Order.  (Doc. #188).  First, he argues that Defendant Nolan did not file an affidavit as ordered and instead produced a declaration.  *Id.* at 2388.  Second, he contends that all Defendants, but specifically Defendant Oppy and non-party Warden Davis, have tampered with evidence and are withholding emails.  *Id.* at 2389.  He points to an April 7, 2022 email from Warden Davis to Defendant Oppy (that was then forwarded to Defendant Nolan).  *Id.* (citing Doc. #184-2, *PageID* #2375).  Plaintiff notes that there are no contents to the email.  *Id.*  According to Plaintiff, Defendants had to have either tampered with or redacted the email.  *Id.*  Third, Plaintiff believes that he has not received all the emails from Defendants.  *Id.* at 2389-90.  Plaintiff points to an April 7, 2022 email from Defendant Nolan to several individuals, including Defendant Oppy, where Defendant Nolan asks: "Does Fred Denney have any additional Input / Documentation regarding this inmate and his claims?  *Id.*

(citing Doc. #184-2, *PageID* #2378). Plaintiff suspects that Defendant Oppy responded to this email. *Id.* at 2390. Finally, Plaintiff asserts that he did not receive any emails from Defendant Hupka. *Id.* at 2390. Plaintiff believes there should be emails because "they were trying to send [him] out of state!" *Id.*

Although Plaintiff asserts that Defendant Hupka failed to produce emails regarding him, the Court did not order Defendant Hupka to produce emails. Instead, the Court ordered Defendants to either produce the documents reviewed or considered by Defendants Hupka in her denial of Plaintiff's March 1, 2022 appeal (that have not already been produced) or confirm in writing that no other documents responsive to Plaintiff's request exist. Defendant Hupka provided a declaration explaining the documents that she reviewed, and Defendants' counsel indicated that those documents have already been produced to Plaintiff. (Doc. #184, *PageID* #2369); (Doc. #184-1). Accordingly, the undersigned finds that Defendant Hupka complied with the January 31, 2025 Order.

Although Plaintiff is correct that Defendant Nolan filed a declaration instead of an affidavit, "[a]n unsworn declaration may substitute for a conventional affidavit if the statement contained in the declaration is made under penalty of perjury, certified as true and correct, dated, and signed." *Golden v. Ohio Dep't of Rehab. & Corr.*, No. 2:22-CV-2125, 2024 WL 4456909, at *3 (S.D. Ohio Oct. 10, 2024) (citing 28 U.S.C. § 1746; *Pollock v. Pollock*, 154 F.3d 601, 612 (6th Cir. 1998); S.D. Ohio Civ. R. 7.2(e)). Defendant Nolan's declaration is dated and signed, and his statement contained therein is made under penalty of perjury and certified as true. (Doc. #184-2, *PageID* #2374). Accordingly, the undersigned finds that Defendant Nolan complied with the Court's Order by producing a declaration in lieu of an affidavit.

With respect to Plaintiff's claim that Defendants did not produce Defendant Oppy's response to Defendant Nolan's email, Plaintiff has not presented any evidence that Defendant Oppy emailed a response. Although it is understandable why Plaintiff is suspicious of the lack of response, without any evidence suggesting there was an emailed response, the undersigned will not require Defendants to supplement their response.

In Plaintiff's Reply, he points out that the emails produced by Defendant Nolan are inconsistent with Warden Davis' previously submitted declaration. (Doc. #191, *PageID* #2409). In Warden Davis' declaration, she states that she did not find any emails that she sent or received regarding Plaintiff during the relevant time period. (Doc. #153-1, *PageID* #1330). However, the emails provided by Defendant Nolan include an email from Warden Davis to Defendant Oppy from April 7, 2022, at 2:25 p.m., with the subject "HAIRSTON 741324." (Doc. #184-2, *PageID* #2375); *see also* Doc. #184-4, *PageID* #s 2376, 2378. The contents of that email, if any, are not included. Defendant Oppy appears to have forwarded that email to Defendant Nolan and several other individuals. *Id.* In other words, contrary to Warden Davis' statement in her declaration, she appears to have sent at least one email concerning Plaintiff to Defendant Oppy.

Accordingly, Warden Davis is hereby **ORDERED** to conduct a search for all email communications sent to or from Defendants concerning Plaintiff between October 26, 2021 and April 24, 2022, and file an affidavit or declaration, no later than **August 22, 2025**, which must include (1) the steps she took to search for emails regarding Plaintiff during the relevant time period; (2) the results of such search; and (3) an explanation for the misstatement in her prior declaration. If Warden Davis finds any additional emails, she must produce such emails to Plaintiff on or before **August 22, 2025**.

4

Defendants shall file a notice with the Court upon production of the outstanding discovery to Plaintiff.  Upon Plaintiff's review of this compelled discovery and affidavit, Plaintiff will have until **September 12, 2025,** to file a memorandum indicating whether he believes Defendants have complied with this Order.  If Plaintiff believes that Defendants have not complied with this Order, Plaintiff's memorandum must specifically identify (1) the provision(s) in this Order Plaintiff contends Defendants have not complied with and (2) how Defendants have failed to comply with the identified provision(s).  Defendants will then have **14 days from Plaintiff's filing** to respond to the alleged deficiencies.  Once the undersigned is satisfied that discovery is complete, a new deadline for dispositive motions will be set.

**IT IS SO ORDERED.**


July 31, 2025 _____                    *s/Peter B. Silvain, Jr.* _____
                                           Peter B. Silvain, Jr.
                                           United States Magistrate Judge