UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RICO ISAIH HAIRSTON, : | Case No. 1:22-cv-104 |
| Plaintiff, : | |
| vs. : | District Judge Susan J. Dlott |
|  : | Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al.*, : | |
| Defendants. : | |

## ORDER and REPORT AND RECOMMENDATION[1]

This case is before the Court upon Plaintiff's Motion for Prospective Relief (Doc. #183) and support exhibits (Doc. #s 183-1–183-12); Defendants' Motion for Leave to File Proposed Memorandum in Opposition *Instanter* (Doc. #187); Defendants' Memorandum in Opposition of Plaintiff's Motion for Prospective Relief (Doc. #187-1); and Plaintiff's Reply in Opposition to Defendants' Memorandum (Doc. #189).

As an initial matter, Defendants request leave to file their Memorandum in Opposition of Plaintiff's Motion for Prospective Relief *instanter.* (Doc. #187). For good cause shown, Defendants' Motion is hereby **GRANTED**, and Defendants' Memorandum in Opposition of Plaintiff's Motion for Prospective Relief (Doc. #187-1) is **ACCEPTED** as filed.

In Plaintiff's Motion, he requests an order releasing him from the Ohio Department of Rehabilitation and Correction under 18 U.S.C. § 3626. (Doc. #183, *PageID* #s 2330-31) (citing *United States v. Hinds Cnty. Bd. of Supervisors*, 120 F.4th 1246 (5th Cir. 2024)). Specifically, Plaintiff requests that "the Court grants Plaintiff prospective relief and by a three-judge panel

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

issues a prisoner release order." (Doc. #183, *PageID* #2331). According to Plaintiff, he has been housed in a single cell with no recreation or movement beyond his cell for almost three years. *Id.* at 2330.

Defendants contend that Plaintiff has not sufficiently supported his assertion that he is being housed without access to recreation; that no authority supports Plaintiff's motion; and that a prisoner release order would not be within their authority, would not be narrowly drawn relief, and would not be the least intrusive means necessary to correct the violation. (Doc. #187-1, *PageID* #s 2385-86).

Upon review of Plaintiff's motion, the undersigned **RECOMMENDS** denying Plaintiff's Motion for Prospective Relief (Doc. #183). The Supreme Court has explained that "[t]he authority to order release of prisoners as a remedy to cure a systemic violation of the Eighth Amendment is a power reserved to a three-judge district court, not a single-judge district court." *Brown v. Plata*, 563 U.S. 493, 500 (2011) (citing 18 U.S.C. § 3626(a)). However, before a single-judge district court can grant or approve prospective relief, including the appointment of a three-judge district-court panel, the court must find that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this case, a release order from incarceration would not be narrowly drawn, would extend further than necessary to correct the alleged violation of the federal right, and would not be the least intrusive means necessary to correct the violation of the Federal right. *See United States v. Hinds Cnty. Bd. of Supervisors*, 120 F.4th 1246 (5th Cir. 2024), *opinion revised and superseded*, 128 F.4th 616, 625-26 (5th Cir. 2025) ("Courts are therefore cautioned against 'assum[ing] the superintendence of jail administration' 'under the guise of enforcing constitutional standards.' …

[A] court must give 'substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.'"). In *United States v. Hinds Cnty. Bd. of Supervisors*, the only case Plaintiff cites to as support for his Motion, the district court did not issue a prison release order to address the constitutional violations occurring in the prison. 128 F.4th 616, 623-25. Instead, after repeated violations of a consent decree and stipulated order governing compliance with the consent decree, the district court appointed a receiver to oversee the prison's compliance with the consent decree as a contempt sanction. *Id*. Thus, even with repeated violations of a consent decree and stipulated order of the Court, the district court did not grant the prospective relief of a prison release order, as Plaintiff seeks in this case.

Furthermore, to the extent that Plaintiff challenges his prison conditions by his alleged confinement without recreation or movement, the motion is not ripe under 18 U.S.C. § 3626(a)(3)(A)(i). Under this provision, "no court shall enter a prison release order unless: a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prison release order." *Id*. In this case, the Court has not previously entered an order for less intrusive relief, which prevents this court or a three-judge panel to issue a prison release order; therefore, without opining on the merits of Plaintiff's claims of alleged constitutional violations, the prospective relief of a prison release order is not an available remedy.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's Motion for Leave to File Proposed Memorandum in Opposition *Instanter* (Doc. #187) is **GRANTED**; and

2. Defendants' Memorandum in Opposition of Plaintiff's Motion for Prospective Relief (Doc. #187-1) is **ACCEPTED** as filed.

3

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Court **DENY** Plaintiff's Motion for Prospective Relief (Doc. #183).

July 31, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).