**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICO ISAIH HAIRSTON, | : | Case No. 1:22-cv-104 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott<br>Magistrate Judge Peter B. Silvain, Jr. |
| FRELON SPARKS, *et al*., | : | |
| Defendants. | : | |

# ORDER

This case is before the Court upon Plaintiff's Motion for Appropriate Sanctions (Doc. #210); Defendants' Memorandum in Opposition (Doc. #214); Plaintiff's Reply in Support (Doc. #215); Plaintiff's Motion for Appointment of Counsel and Motion for Leave to Conduct Depositions (Doc. #211); Defendants' Memorandum in Opposition (Doc. #213); and Plaintiff's Motion for Leave to Attach Certificate of Service (Doc. #212).

## I. Motion for Sanctions

The undersigned previous ordered Warden Davis to conduct a search for all email communications sent to or from Defendants concerning Plaintiff between October 26, 2021, and April 24, 2022, and to file an affidavit or declaration which must include (1) the steps she took to search for emails regarding Plaintiff during the relevant time period; (2) the results of such search; and (3) an explanation for the misstatement in her prior declaration. (Doc. #192, *PageID* #2414). Additionally, if Warden Davis found any additional emails, the undersigned ordered her to produce such emails to Plaintiff. *Id.* In response to the Court's Order, Warden Davis filed a Notice of Compliance with the Court's Order. (Doc. #198). Her Notice included Declarations from Warden

Davis and Kristen DeVenny, along with twenty-one emails. *Id.* Ms. DeVenny, a Program Administrator 3 with the Ohio Department of Rehabilitation and Correction (ODRC), explained in her Declaration that, in response to the Court's Order, they "engaged in a search of archived emails stored in ODRC's records management system …." (Doc. #198-1, *PageID* #s 2445-46). She found twenty-one emails. *Id.* at 2446. Ms. DeVenny attested that "[a] true and accurate copy" of those emails are attached to her Declaration. *Id.*.

Plaintiff takes issue with the email dated April 7, 2022. (Doc. #210) (citing Doc. #198-1, *PageID* #2471). Specifically, Plaintiff accuses Defendants of submitting a "fake, blank, redacted email."[1] *Id.* at 2560. Plaintiff asserts that he "has proven beyond a reasonable doubt that this email is not authentic" because it does not contain "the mandatory inscription at the bottom" pertaining to Ohio's Public Act. *Id.* Plaintiff asks for sanctions against Defendants' counsel, D. Chadd McKitrick, and Ms. DeVenny for violating Fed. R. Civ. P. 11(b)(1) and (3). *Id.* at 2561. Plaintiff indicates that he notified Defendants' counsel that if counsel did not withdraw the document, Plaintiff intended to file a motion for sanctions. *Id.* Defendants' counsel did not withdraw the document. *Id.*

Defendants oppose Plaintiff's Motion, arguing that "Plaintiff's belief that the email is fake because it is purportedly missing a footer is pure speculation, and he does not cite any policy mandating the same." (Doc. #214, *PageID* #2585).

Although Plaintiff contests the authenticity of the email from April 7, 2022, there is no evidence in the record that supports Plaintiff's assertion that the email is fake or otherwise altered. While Plaintiff is correct that the email does not contain a statement at the end regarding public

---

[1] Plaintiff's filings were submitted in all capital letters. Quoted portions of the filing that appear in this Order use lower case letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.

records, that fact alone does not demonstrate that the email is not authentic. As noted above, Ms. DeVenny attested that the emails attached to her Declaration are true and accurate copies. (Doc. #198-1, *PageID* #2446). Plaintiff has not established that Ms. DeVenny's statement is false or otherwise misleading. Accordingly, Plaintiff's Motion for Sanctions (Doc. #210) is **DENIED**.

### II. Motion for Appointment of Counsel & for Leave to Conduct Depositions

As an initial matter, in a separate Motion, Plaintiff asks the Court for leave to attach his certificate of service to his Motion for Appointment of Counsel because he forgot to attach it. (Doc. #212). Plaintiff's Motion (Doc. #212) is hereby **GRANTED**. The certificate of service (Doc. #212, *PageID* #2578) is accepted as filed.

Next, Plaintiff requests that the Court appoint counsel for the limited purpose of deposing Defendant Jeremy Oppy, Warden Davis, and non-party Kristen DeVenny.[2] (Doc. #211). Plaintiff explains that he would like them deposed about the email communications between Warden Davis and Defendants. *Id.* Defendants oppose Plaintiff's Motion. (Doc. #213).

The United States Constitution does not require the appointment of counsel for indigent plaintiffs in civil cases such as this, and Congress has not provided funds with which to compensate attorneys who might agree to represent those plaintiffs. Moreover, there are not enough attorneys who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint an attorney for all who file cases on their own behalf. Nevertheless, the Court makes every effort to appoint counsel in civil cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

[2] In the caption, Plaintiff indicates that he seeks leave to depose Defendant Jeremy Oppy, Warden Davis, and non-party Kristen DeVenny. (Doc. #211, *PageID* #2569). However, in the text of the Motion, Plaintiff asks for leave to depose Defendant Oppy and Warden Davis. *Id.*

To date, Plaintiff has adequately represented himself in this matter. Moreover, Plaintiff has failed to demonstrate the type of exceptional circumstances that would justify the rare appointment of free counsel for a *pro se* civil litigant.

Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #211) is **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Sanctions (Doc. #210) is **DENIED**.

2. Plaintiff's Motion for Leave to Attach Certificate of Service (Doc. #212) is **GRANTED**. The certificate of service (Doc. #212, *PageID* #2578) is accepted as filed.

3. Plaintiff's Motion for Appointment of Counsel (Doc. #211) is **DENIED**.

September 15, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge